UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CHRISTOPHER T. MCCULLOM, | : | Case No. 2:24-cv-2806 |
| Plaintiff, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Kimberly A. Jolson |
| NEWARK POLICE DEPARTMENT, *et al.*, | : | |
| Defendants. | : | |

# ORDER AND
# REPORT AND RECOMMENDATION

Plaintiff, Christopher T. McCullom, a resident of Newark, Ohio, brings this *pro se* action against the Newark Police Department, Officer Alex Colles, Officer Stevens, Officer Ulmer, Licking County Prosecutor William Hayes, the Licking County Prosecutor's Office, Cliff J. Murphey, Sergeant Cliff Eskins, and Doug Wells for alleged violations of his civil rights. The Court understands Plaintiff's constitutional claims to be brought under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).

Plaintiff initially filed his Complaint without signing it. He has corrected this deficiency. (Doc. 3). For the sake of clarity, the Clerk of Court is **DIRECTED** to file a copy of Plaintiff's signature page (Doc. 3) as an attachment to his Complaint in the docket of this case.

Plaintiff has also filed an application to proceed in forma pauperis. (Doc. 1). It appears from Plaintiff's affidavit that he lacks the funds to pay the costs or give security for such costs.

The Court therefore **GRANTS** the motion and hereby authorizes commencement of this action without prepayment of fees or costs pursuant to 28 U.S.C. § 1915.

This matter is currently before the Court for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Allegations in the Complaint**

Plaintiff alleges that, on the evening of May 23, 2022, he was pulled over after dropping an employee off at home. He noticed a police cruiser coming up behind him at a fast rate of speed and pulled over to let it pass. Instead, the cruiser pulled up behind him and turned on its lights. (Doc. 1-1 at 3).

According to Plaintiff, Officer Stevens approached his car and began speaking to Plaintiff through his rolled-up window. Plaintiff explained that his windows were not automatic. Officer Stevens then indicated that he wanted to enter Plaintiff's vehicle, and Plaintiff told him that he was not comfortable with that. By this time, Plaintiff had the driver's-side window down and asked Officer Stevens if he would come over to driver's side of the car. Plaintiff alleges that Officer Stevens refused and asked Plaintiff to exit the vehicle. As he tried to ask why he was being asked to exit the vehicle, Officer Stevens left, and Officer Alex Colles started talking to Plaintiff from the driver's side of the car. (*Id.*).

Plaintiff states that he had his phone in his hand and his left hand on the door. Then, as he was asking what crime he had committed and why he needed to identify himself, Officer Colles opened the driver's-side door, surprising Plaintiff. Plaintiff was shocked and reacted by trying to keep the door closed. Plaintiff states that Officer Colles's arm became caught in the door. Officer Colles then allegedly ripped the door open and punched Plaintiff in the face, injuring his own hand. Plaintiff states that Officer Colles proceeded to pull him out of the car and arrested him for assault on a police officer. (*Id.*).

Plaintiff states that he spent 11-and-a-half days in jail and was placed on probation. (*Id.*). Plaintiff states that he was eventually found innocent of the charges in Licking County Court of

4

Common Pleas Case No. 22 CR 360. (*Id*. at 3–4). For relief, Plaintiff seeks monetary damages. (*Id*. at 4).

### C. Analysis

Based on the above allegations, Plaintiff asks the Court to: "Hold the Officers, Departments, and Prosecutors accountable for their actions and violating Plaintiff's civil rights, abuse of power, negl[i]gent, lack of training and their misrepresentations to the Court." (Doc. 1-1 at 4).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the Undersigned concludes that Plaintiff may proceed on his claims against Defendant Officers Colles and Stevens, in their individual capacities, under the Fourth Amendment to the United States Constitution. Liberally construing the Complaint, *see Erickson*, 551 U.S. at 94, and based on Plaintiff's allegations that he had pulled over to allow the Officers to pass him, asked Colles and Stevens what crime he had committed, was punched in the face by Colles, and was found innocent of the charge against him (*see* Doc. 1-1 at 4), the Court understands Plaintiff's Fourth Amendment claims to allege malicious prosecution, unreasonable traffic stop, unreasonable arrest and imprisonment without probable cause, and excessive force against Defendant Colles in his individual capacity; and malicious prosecution, unreasonable traffic stop, and unreasonable arrest and imprisonment without probable cause against Defendant Stevens in his individual capacity. But the Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-CV-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

It also appears that Plaintiff seeks to pursue state-law claims against these Defendants for negligence. (*See* Doc. 1-1 at 4). The Court has not yet determined whether it will exercise supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367. Out of an abundance of caution, and in light of Plaintiff's *pro se* status, the Court will not *sua sponte* dismiss his state-law negligence claims against Defendant Officers Stevens and Colles. The Court will determine at a later stage in the proceedings whether the exercise of supplemental jurisdiction over the state-law claims is appropriate. For the reasons set forth below, however, the remainder of Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

Although the Court is permitting Plaintiff to proceed at this juncture on his Fourth Amendment claims against Defendant Officers Colles and Stevens in their individual capacities, he has failed to state a claim upon which relief can be granted against them in their official capacities or against the Newark Police Department.

As this Court has previously explained:

> "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

*Kilkenny v. Gabriel*, No. 2:19-CV-3661, 2019 WL 4601856, at *3 (S.D. Ohio Sept. 23, 2019), *report and recommendation adopted*, No. 2:19-CV-3661, 2019 WL 6609211 (S.D. Ohio Dec. 5, 2019).

> Further, "[t]he inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Slusher v. Carson,* 540 F.3d 449, 457 (6th Cir. 2008) (additional citations and quotation marks omitted)). In order to establish deliberate indifference, a plaintiff "'must show prior instances of unconstitutional conduct demonstrating that the [official and/or government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller*, 606 F.3d at 255 (quoting *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005)).

*Id*.

Because Plaintiff has not plausibly pled facts demonstrating the existence of a policy or custom of inadequate training or supervision, or that Defendant Officers Colles's and Stevens's employer, alleged to be the Newark Police Department, ignored a history of abuse or was clearly on notice that its training was deficient and likely to lead to civil-rights violations, Plaintiff fails to state a *Monell* claim against Defendant Officers Stevens or Colles in their official capacities or the Newark Police Department.

Next, although Defendants Officer Ulmer, Cliff J. Murphy, Sergeant Clint Eskins, and Doug Wells are named in the case caption, the Complaint contains no factual allegations against them. Accordingly, Plaintiff has alleged no set of facts that would constitute a cause of action against these Defendants, and they should be dismissed. *See Sebestyen v. Gardner*, No. 2:17-CV-550, 2017 WL 5629646, at *3 (S.D. Ohio Nov. 22, 2017), *report and recommendation adopted*, No. 2:17-CV-550, 2018 WL 4804662 (S.D. Ohio Oct. 4, 2018).

Further, the Licking County Prosecutor's Office is not *sui juris* and cannot be sued for damages under 42 U.S.C. § 1983. *See, e.g.*, *Lenard v. City of Cleveland*, No. 1:17 CV 440, 2017

7

WL 2832903, at *2 (N.D. Ohio June 30, 2017); *Rose v. Cuyahoga County Department of Children and Family Services*, No. 1: 18 CV 2012, 2019 WL 2021716, at *3 (N.D. Ohio May 8, 2019). Similarly, Licking County Prosecutor William Hayes "enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)). Plaintiff's claims against these Defendants should therefore be dismissed.

In sum, Plaintiff may **PROCEED** for further development at this juncture on his Fourth Amendment claims for malicious prosecution, unreasonable traffic stop, unreasonable arrest and imprisonment without probable cause, and excessive force against Defendant Colles in his individual capacity; his Fourth Amendment claims for malicious prosecution, unreasonable traffic stop, and unreasonable arrest and imprisonment without probable cause against Defendant Stevens in his individual capacity; and his state-law negligence claims against both Defendants Colles and Stevens in their individual capacities.  Having found that Plaintiff has failed to state a claim for relief against the remaining Defendants—the Newark Police Department, Officer Ulmer, Licking County Prosecutor William Hayes, the Licking County Prosecutor's Office, Cliff J. Murphy, Sergeant Clint Eskins, and Doug Wells—it is **RECOMMENDED** that Plaintiff's claims against those Defendants be **DISMISSED**.

Plaintiff, however, has not submitted the necessary service of process forms for Defendant Officers Colles or Stevens to be served in this case.  Therefore, within **thirty (30) days** of the date of this Order and Report and Recommendation, Plaintiff is **ORDERED** to submit to this Court a completed summons form and a United States Marshal Form for each of Defendant Officers Colles and Stevens so that service of process may be made in this case.

The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff with summons and United States Marshal forms for this purpose.  Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case. Plaintiff is **WARNED** that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The § 1983 claims in Plaintiff's Complaint be **DISMISSED with prejudice** as to Defendants the Newark Police Department, Officer Ulmer, Licking County Prosecutor William Hayes, the Licking County Prosecutor's Office, Cliff J. Murphy, Sergeant Clint Eskins, and Doug Wells for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).

2.  The Court **DECLINE to exercise supplemental jurisdiction** under 28 U.S.C. § 1367(c)(3) over any state-law claims against dismissed Defendants the Newark Police Department, Officer Ulmer, Licking County Prosecutor William Hayes, the Licking County Prosecutor's Office, Cliff J. Murphy, Sergeant Clint Eskins, and Doug Wells and **DISMISS** any such claims **without prejudice.**

## IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's Motion to proceed in forma pauperis (Doc. 1) is **GRANTED**.

2.  Plaintiff may **PROCEED** at this juncture on his Fourth Amendment claims for malicious prosecution, unreasonable traffic stop, unreasonable arrest and imprisonment without probable cause, and excessive force against Defendant Colles in his individual capacity; his Fourth Amendment claims for malicious prosecution, unreasonable traffic stop, and unreasonable arrest and imprisonment without probable cause against Defendant Stevens in his individual capacity;

9

and his Ohio state-law negligence claims against both Defendants Colles and Stevens in their individual capacities.

3. Within **thirty (30) days** of receipt of this Order and Report and Recommendation, Plaintiff **SHALL** submit to the Court a completed summons and United States Marshal form for each of Defendant Officers Colles and Stevens.

4. The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff with two summons and two United States Marshal forms for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

5. The **CLERK OF COURT** is **DIRECTED** to file a copy of Plaintiff's signature page (Doc. 3) as an attachment to his Complaint in the docket of this case.

6. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: September 3, 2024                    /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE