UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| CHRISTOPHER T. MCCOLLUM,[1] | : Case No. 2:24-cv-2806 |
| Plaintiff, | : |
| vs. | : District Judge Sarah D. Morrison |
| | : Magistrate Judge Kimberly A. Jolson |
| NEWARK POLICE DEPARTMENT, *et al.*, | : |
| Defendants. | : |

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff, Christopher T. McCollum, a resident of Newark, Ohio, has filed a Second Amended Complaint,[2] alleging violations of his civil rights under 42 U.S.C. §§ 1983, 1988, and Ohio state law against the Newark Police Department, Officer Alex Colles, Officer Stevens, Officer Ulmer, Licking County Prosecutor William Hayes, the Licking County Prosecutor's Office, Licking County Prosecutor Cliff J. Murphy, Sergeant Clint Eskins, Doug Wells, and Officer John Doe. (Doc. 12 at 2–3). By separate Order, Plaintiff has been granted leave to proceed

---

[1] Plaintiff's last name is spelled "McCullom" in the caption of his Second Amended Complaint. (*See* Doc. 12 at 1). This appears to be a typographical error.

[2] Plaintiff attaches various exhibits to his Second Amended Complaint. Pursuant to Federal Rule of Civil Procedure 10, these exhibits are considered a part of the Complaint "for all purposes." *See* Fed. R. Civ. P. 10(c). *Cf. Fishman v. Williams*, No. CV 14-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to Johnson's Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision."). However, the Court declines to comb through the record to raise new claims or make legal arguments for Plaintiff. *Cf. Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("Furthermore, although this court has discretion to more broadly review the record on appeal, we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.").

*in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* Doc. 5).

On October 8, 2024, the Court entered an Order (Doc. 9) allowing Plaintiff to file the instant Second Amended Complaint (Doc. 12), which is now the operative complaint in this case. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (an amended complaint is the legally operative complaint). In the October 8, 2024, Order, the Court also withdrew the Report and Recommendation at Doc. 5 that considered Plaintiff's initial Complaint. (*See* Doc. 9 at 2). Although the Court withdrew the Report and Recommendation at Doc. 5, the Order in Doc. 5 granting Plaintiff leave to proceed *in forma pauperis* (*see* Doc. 5 at 9) remains in effect.

This matter is now before the Court for a *sua sponte* review of the Second Amended Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**A.      Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal

2

basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than

3

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    B.    **Allegations in the Second Amended Complaint**

Plaintiff alleges that, on the evening of May 23, 2022, the police pulled him over after he dropped off one of his employees at home. Plaintiff states that, at the time, he was attempting to start his own business. (Doc. 12 at 4).

More specifically, Plaintiff alleges that, after he dropped the employee off, he noticed a police cruiser coming up behind him on 11th Street at a fast rate of speed. He pulled over to let the cruiser pass. Plaintiff avers that, unbeknownst to him, the police had earlier in the day conducted a search of the home where he dropped off the employee and were attempting to locate and arrest a suspect. When Plaintiff pulled over, the cruiser pulled up behind him and turned on its lights. (*Id.*).

According to Plaintiff, Defendant Officer Stevens approached his truck on the passenger side and began speaking to Plaintiff through the rolled-up window. Plaintiff's truck did not have automatic windows, and he was unable to comply with Stevens' instructions to roll the window down. Plaintiff states that he asked multiple times what he had done and why the officer wanted him to identify himself. (*Id*. at 4–5).

Plaintiff alleges that, during this time, Defendant Officer Colles ran the truck's license plate. The results of the license plate search revealed that the truck was registered to Plaintiff, and

4

he did not have any active warrants. Plaintiff alleges that he did not in fact have any criminal record. (*Id*. at 4). Colles then came up to the driver's side of the truck. Plaintiff states that, while he was asking Colles why he had to exit the vehicle, Colles tried to open the driver's-side door, surprising Plaintiff, and Plaintiff attempted to keep the door shut. Colles then opened the door, punched Plaintiff in the face, pulled him out of the truck, slammed him onto the pavement, and held his arm behind his back. Plaintiff states that at no time after he was pulled from the truck did he resist. Officer Colles eventually told Plaintiff that he was pulled over because he was blocking an intersection. (*Id*. at 5).

Plaintiff alleges that he was taken to the Licking County Jail but was not read his rights or allowed a phone call. Plaintiff states that, as a result of the actions of Officer Colles, Officer Stevens, and another officer, Defendant Ulmer, who Plaintiff alleges assisted in his forceful removal from the truck, he injured his shoulder. Plaintiff immediately asked for medical attention at the jail but had to wait several hours before getting an X-ray. Plaintiff states that, as a result of his asking for medical attention, he was placed for several hours in a dirty cell with a clogged toilet before being moved to another cell. (*Id.*). Plaintiff further states that he asked multiple times for pictures to be taken of his face but was told that it was not necessary. (*Id*. at 6).

Plaintiff contends that the Licking County Prosecutor pursued criminal charges against him for assault, even though there was no probable cause to believe that he committed a crime. (*Id*. at 6, 19). Further, Plaintiff contends that he later learned from Officer Colles' case report that during his arrest Defendant Sergeant Eskins asked the Officers to clear the scene because another vehicle had left the house, and they were to attempt to stop it. According to Plaintiff, the other vehicle was located, and Officers Colles and Stevens were able to determine visually that none of the

5

occupants was the suspect. (*Id*. at 5, 14). Plaintiff states that he also did not match the description of the suspect but that the Officers harassed and intimidated him. (*Id*. at 6).

In his initial Complaint, Plaintiff additionally alleged that he was eventually found innocent of the assault charge in Licking County Court of Common Pleas Case No. 22 CR 360. (Doc. 1-1 at 3–4). A review of the Licking County Court of Common Pleas docket indicates that Plaintiff was found not guilty of assault on November 30, 2022.[3]

For relief, Plaintiff seeks monetary damages. (Doc. 12 at 3, 9).

**C.     Analysis**

Based on the above allegations, Plaintiff brings the following six claims against Defendants: "Violation of Right of Unreasonable Searches and Seizures—Fourth Amendment" (Count I); "False arrest/Unlawful Detention/False Imprisonment—Fourth Amendment" (Count II); "Excessive Force—Fourth Amendment Failure to Supervise" (Count III); "Excessive Force—Fourth Amendment Ratification" (Count IV); "Battery" (Count V); and "Malicious Prosecution" (Count VI).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, and in an abundance of caution, the Undersigned concludes that Plaintiff may proceed for further development at this juncture on Counts I, II, and III against Defendant Officers Colles, Stevens, and Ulmer, in their individual capacities.[4]

The Court has not yet determined whether it will exercise supplemental jurisdiction over

---

[3] Viewed at: https://lickingcounty.gov/TAGCPM.PA.PublicPortal/faces/pages/case.xhtml?id=1&csqid=229175&return=results, under Plaintiff's name and case number. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).
[4] The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-CV-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Counts V and VI—raising state-law claims for battery and malicious prosecution—pursuant to 28 U.S.C. § 1367. Although Plaintiff frames Counts V and VI as § 1983 claims (*see* Doc. 12 at 8), § 1983 does not provide redress for violations of state law, and the Court may not entertain these claims unless supplemental jurisdiction is appropriate. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate.") (internal quotation omitted). In light of Plaintiff's *pro se* status, the Court will not *sua sponte* dismiss Plaintiff's state-law battery and malicious prosecution claims against Defendant Officers Stevens, Colles, and Ulmer. The Court will determine at a later stage in the proceedings whether the exercise of supplemental jurisdiction over the state-law claims is appropriate. For the reasons set forth below, however, the remainder of Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, Plaintiff cannot proceed against Defendants under 42 U.S.C. § 1988. "Section 1988 allows a federal Court to award the prevailing party in a civil rights action reasonable attorney fees as part of costs. It does not create a separate federal cause of action for a civil rights violation." *Thomas-El v. Smith*, No. 20-CV-10128, 2020 WL 1888829, at *5 (E.D. Mich. Apr. 16, 2020) (citing *Henderson v. Reyda*, 192 F. App'x 392, 397 (6th Cir. 2006)). Plaintiff has therefore failed to state a claim upon which relief can be granted under § 1988.

Next, although the Court is permitting Plaintiff to proceed for further development at this juncture on Counts I, II, III, V, and VI against Defendant Officers Colles, Stevens, and Ulmer in their individual capacities, Plaintiff has failed to state a claim upon which relief can be granted against them in their official capacities or against Defendant Newark Police Department.

As this Court has previously explained:

> "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

*Kilkenny v. Gabriel*, No. 2:19-CV-3661, 2019 WL 4601856, at *3 (S.D. Ohio Sept. 23, 2019), *report and recommendation adopted*, 2019 WL 6609211 (S.D. Ohio Dec. 5, 2019).

> Further, "[t]he inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Slusher v. Carson,* 540 F.3d 449, 457 (6th Cir. 2008) (additional citations and quotation marks omitted)). In order to establish deliberate indifference, a plaintiff "'must show prior instances of unconstitutional conduct demonstrating that the [official and/or government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller*, 606 F.3d at 255 (quoting *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005)).

*Id*.

Because Plaintiff has not plausibly pled facts demonstrating the existence of a policy or custom of inadequate training or supervision, or that Defendant Officers Colles', Stevens', and Ulmer's employer, whom the Court understands from the Complaint to be the Newark Police Department, ignored a history of abuse or was clearly on notice that its training was deficient and

8

likely to lead to civil-rights violations, Plaintiff fails to state a *Monell* claim against Defendant Officers Stevens, Colles, or Ulmer in their official capacities or the Newark Police Department.

Furthermore, although Defendants Cliff J. Murphy, Doug Wells, William Hayes, and Officer John Doe are named as Defendants (*see* Doc. 12 at 2–3), the Second Amended Complaint does not contain any factual allegations against them. Accordingly, Plaintiff has alleged no set of facts that would constitute a cause of action against these Defendants and they should be dismissed. *See Sebestyen v. Gardner*, No. 2:17-CV-550, 2017 WL 5629646, at *3 (S.D. Ohio Nov. 22, 2017), *report and recommendation adopted*, 2018 WL 4804662 (S.D. Ohio Oct. 4, 2018). Even if the Court were to consider the fact that an attached exhibit apparently consisting of a case report completed by Defendant Ulmer is marked "Reviewed By" Doug Wells (*see* Doc. 12 at 15–16) that would not change this result. As noted above in footnote 2, the Court will not comb through the record to raise new claims or make legal arguments for Plaintiff. In any event, for the reasons set forth below in regard to Defendant Sergeant Eskins, Plaintiff has failed to state a supervisory liability claim against Wells.

Turning now to Plaintiff's claims against Defendant Eskins, the only allegations against him are that he contacted Colles, Stevens, and Ulmer during Plaintiff's arrest and asked them to pursue another suspect. (Doc. 12 at 5). "The scope of supervisory liability in § 1983 cases is limited." *Assi v. Hanshaw*, 625 F. Supp. 3d 722, 747–48 (S.D. Ohio 2022). "Generally, the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel." *Farmer v. Phillips*, No. 20-5730, 2021 WL 6210609, at *2 (6th Cir. Oct. 19, 2021). Instead, individuals sued in their personal capacity under § 1983 are liable only for their own unconstitutional behavior. *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011).

To establish a supervisor's liability, a plaintiff must show, "at the very least, 'that the

9

supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Assi*, 625 F. Supp. 3d at 747 (quoting *Sexton v. Cernuto*, 18 F.4th 177, 185 (6th Cir. 2021)) (in turn quoting *Doe v. Claiborne Cty.*, 103 F.3d 495, 511 (6th Cir. 1996)). Here, there are no factual allegations that Eskins either encouraged or participated in any of the alleged unconstitutional behavior. Defendant Eskins should therefore be dismissed. *See Chappell v. Morgan*, No. 2:15-CV-1110, 2016 WL 738098, at *4-5 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) (holding that in the absence of any allegation that supervisory prison officials were involved in or encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016); *see also Iqbal*, 556 U.S. at 679 ("Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.") (cleaned up).

Further, the Licking County Prosecutor's Office is not *sui juris* and cannot be sued for damages under 42 U.S.C. § 1983. *See, e.g.*, *Lenard v. City of Cleveland*, No. 1:17 CV 440, 2017 WL 2832903, at *2 (N.D. Ohio June 30, 2017); *Rose v. Cuyahoga County Dep't of Children and Family Servs.*, No. 1:18-CV-2012, 2019 WL 2021716, at *3 (N.D. Ohio May 8, 2019). Similarly, Licking County Prosecutors William Hayes and Cliff J. Murphy "enjoy[] absolute immunity from § 1983 suits for damages when [they] act[] within the scope of [their] prosecutorial duties." *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012); *see also Koubriti v. Convertino*, 593 F.3d 459, 467

10

(6th Cir. 2010) (same). Plaintiff alleges only that the charges against him were without evidentiary support. (*See* Doc. 12 at 6). As a prosecutor's decision whether to bring charges against a person is entitled to absolute immunity, Defendants Hayes and Murphy are immune from suit for such acts. Plaintiff's claims against the Licking County Prosecutor's Office, Hayes, and Murphy should therefore be dismissed.

Finally, because Plaintiff has failed to state a claim for relief against the Newark Police Department, the Licking County Prosecutor's Office, or Licking County Prosecutors' Hayes and Murphy, Count IV's "ratification" based Fourth Amendment claim against these Defendants (*see* Doc. 12 at 7–8) necessarily also fails to state a claim for relief.

In sum, Plaintiff may **PROCEED** for further development at this juncture on Counts I, II, and III, V, and VI against Defendant Officers Colles, Stevens, and Ulmer, in their individual capacities. Having found that Plaintiff has failed to state a claim for relief against the remaining Defendants—the Newark Police Department, Licking County Prosecutor William Hayes, the Licking County Prosecutor's Office, Licking County Prosecutor Cliff J. Murphy, Sergeant Clint Eskins, Doug Wells, and Officer John Doe—it is **RECOMMENDED** that Plaintiff's claims against those Defendants be **DISMISSED**.

Plaintiff, however, has not submitted the necessary service of process forms for Defendant Officers Colles, Stevens or Ulmer to be served in this case. Therefore, within **thirty (30) days** of the date of this Order and Report and Recommendation, Plaintiff is **ORDERED** to submit to this Court a completed summons form and a United States Marshal Form for each of Defendant Officers Colles, Stevens, and Ulmer so that service of process may be made in this case.

The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff with three summons and United States Marshal forms for this purpose. Upon receipt of the completed summons and United

States Marshal forms, the Court shall order service of process by the United States Marshal in this case.  **Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution**.

IT IS THEREFORE RECOMMENDED THAT:

1. The § 1988 claims in Plaintiff's Second Amended Complaint be **DISMISSED with prejudice** as to all the Defendants, and that the § 1983 claims in Plaintiff's Second Amended Complaint be **DISMISSED with prejudice** as to Defendants the Newark Police Department, Licking County Prosecutor William Hayes, the Licking County Prosecutor's Office, Licking County Prosecutor Cliff J. Murphy, Sergeant Clint Eskins, Doug Wells, and Officer John Doe for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).

2. The Court **DECLINE to exercise supplemental jurisdiction** under 28 U.S.C. § 1367(c)(3) over any state-law claims against dismissed Defendants the Newark Police Department, Licking County Prosecutor William Hayes, the Licking County Prosecutor's Office, Licking County Prosecutor Cliff J. Murphy, Sergeant Clint Eskins, Doug Wells, and Officer John Doe and **DISMISS** any such claims **without prejudice.**

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff may **PROCEED** for further development at this juncture on Counts I, II, III, V, and VI against Defendant Officers Colles, Stevens, and Ulmer, in their individual capacities.

2. To maintain clarity in the docket, the **CLERK OF COURT** is **DIRECTED** to add Officer John Doe as a Defendant in this case. (*See* Doc. 12 at 2).

3. Within **thirty (30) days** of receipt of this Order and Report and Recommendation, Plaintiff **SHALL** submit to the Court a completed summons and United States Marshal form for each of Defendant Officers Colles, Stevens, and Ulmer.[5]

4. The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff with three summons and three United States Marshal forms for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

5. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral

---

[5] In his Second Amended Complaint, Plaintiff indicates that Officer Ulmer's first name is "Steven." (*See* Doc. 12 at 2). An exhibit attached to the Second Amended Complaint, however, appears to indicate that Ulmer's first name is abbreviated "Wm." (*Id*. at 16). Another exhibit appears to indicate that Officer Stevens' first initial is "C." (*Id*. at 18).

13

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: January 23, 2025              /s/ *Kimberly A. Jolson*
                                    KIMBERLY A. JOLSON
                                    UNITED STATES MAGISTRATE JUDGE