# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| CHRISTOPHER T. MCCOLLUM, | Case No. 2:24-cv-2806 |
| Plaintiff, | |
| vs. | District Judge Sarah D. Morrison |
| | Magistrate Judge Kimberly A. Jolson |
| NEWARK POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

## ORDER

Defendants were served on March 25, 2025, making their answers due April 15. (Doc. 22). They filed an answer on April 24 without asking permission to file it nine days late. (Doc. 23). Then, Plaintiff filed an application to the Clerk for an entry of default. (Doc. 24). The Court issued a show cause order, ordering Defendants to explain the late filing. (Doc. 25). Their response is now before the Court. (Doc. 26).

In their response, Defendants say that the late answer was due to counsel's inadvertent journaling error. (*Id.*). Instead of writing down the correct deadline, counsel wrote down April 25. (*Id.*). So, neither Defendants nor counsel were aware that the answer was even filed late until Plaintiff filed his application for an entry of default. (*Id.*). Defendants' counsel admits to his mistake and asks the Court to accept Defendants' untimely answer. (*Id.*).

In this circumstance, the Court finds it appropriate to allow Defendants' late filing. Under Federal Rule of Civil Procedure 6(B)(1)(b), the Court may grant leave to file where a party's failure to act was due to excusable neglect. Fed. R. Civ. P. 6(B)(1)(b). The Sixth Circuit has described the standard the Court must apply:

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Beginning with prejudice, the Court agrees with Defendants that Plaintiff has suffered little if any prejudice by Defendants' late answer. This case is still in its beginning stages, and the Court has not yet imposed a case schedule. Plaintiff has missed no deadlines nor has he been deprived any relevant discovery. What's more the nine-day delay is relatively short, and it has not impacted any judicial proceedings. *Cf. Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (allowing a late answer where a two-month delay did not affect the case much); *Thompson*, 2014 WL 2711176 at *2 (allowing a three-month late answer and noting the delay had a "minimal" effect); *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428–30 (6th Cir. 2006) (affirming the district court's allowance of an eight-months-late answer).

Considering the delay itself, "although attorney error or inadvertence will not ordinarily support a finding of excusable neglect," this factor must be weighed with the other factors and the interests of justice. *Morgan v. Gandalf, Ltd.*, 165 Fed. App'x 425, 429 (6th Cir. 2006). Because excusable neglect is an "elastic concept" permitting courts to "accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control[,]" *Pioneer*, 507 U.S. at 381, the Court finds that denying Defendants leave to file their answer would not serve the interest of justice. This is especially true given this Circuit's "strong preference" for resolving cases on their merits. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986); *McGinnis v. Rentech Solutions, Inc.*, No.

2:11-cv-670, 2012 WL 1537611, at *2 (S.D. Ohio May 1, 2012) (noting a "general preference" for judgments on the merits, rather than default judgments); *Cooey v. Strickland*, No. 2:04-cv-1156, 2:09-cv-242, 2:09-cv-823, 2:10-cv-27, 2011 WL 320166, at *3 (S.D. Ohio Jan. 28, 2011) (allowing untimely answers where the plaintiffs were not harmed, and denial of leave to answer "would not further the cause of justice").

Finally, while the calendaring error was within Defendants' counsel's control, there is nothing to suggest that the mistake was in bad faith. And Defendants quickly acted in good faith by responding candidly to the Court's show cause order.

Accordingly, the Court **GRANTS** Defendants leave to file their answer late. Their answer (Doc. 23) is deemed to be accepted as of the filing date.

IT IS SO ORDERED.


Date: May 12, 2025                                          s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE