# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| CHRISTOPHER T. MCCOLLUM, | : | Case No. 2:24-cv-2806 |
| Plaintiff, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Kimberly A. Jolson |
| NEWARK POLICE DEPARTMENT, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Plaintiff filed this action on May 22, 2024. (Doc. 1). After several amendments to the Complaint, the Court dismissed some of Plaintiff's claims while letting others proceed. (*See* Docs. 8, 12, 13, 21; *see also* Doc. 5 (granting Plaintiff's Motion to Proceed *in forma pauperis*)). Defendants were served and have since answered. (Docs. 22, 23, 25, 28).

Up until this point, Plaintiff has been proceeding *pro se*. While he previously asked for the Court to appoint him counsel, the Court did not exercise its discretion to do so at that time. (*See* Docs. 14, 15); *see Brooks v. Airmart Food Serv.*, No. 05-2893-B/V, 2006 WL 1699560, at *2 (W.D. Tenn. June 16, 2006) (citing *Lavado v. Keohane*, 992 F.2d 601, 604–605 (6th Cir. 1993)) (noting the Court has "broad discretion in determining whether to appoint counsel for an indigent civil litigant."); *see also* 28 U.S.C. § 1915(d) ("The court may request an attorney to represent any person unable to afford counsel."); *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985). Yet considering the nature Plaintiff's claims, the Court believes that this case would benefit from early mediation. And that mediation would be most fruitful if Plaintiff were represented by counsel.

Accordingly, in its discretion, the Court appoints Dustin M. Koenig and Rachel Gherke of Jones Day, 325 John H. McConnell Boulevard, Suite 600, Columbus, OH 43215, for the **limited purpose** of representing Plaintiff in mediation in this action (Case No. 2:24-cv-2806). Mr. Koenig and Ms. Gherke have agreed to accept this limited representation subject to Plaintiff signing an engagement letter. Plaintiff is **ORDERED** to notify the Court of his acceptance of this representation on or before **June 3, 2025**. He is further advised that if he accepts this appointment of counsel, he must remain in prompt communication with his counsel.

Finally, the Court **REFERS** this case to mediation, and the Clerk is **DIRECTED** to assign a mediator to this matter. The parties are **ORDERED** to promptly reach out to the assigned mediator and to conduct mediation on or before **July 21, 2025**.

IT IS SO ORDERED.

Date: May 20, 2025                                                /s/ Kimberly A. Jolson
                                                                  KIMBERLY A. JOLSON
                                                                  UNITED STATES MAGISTRATE JUDGE